1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN MUNIR,

      Plaintiff,                      No. CIV S-05-1996 MCE EFB P

      vs.

J. THOMAS, et al.,

      Defendants.             <u>ORDER</u>

_____/

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Defendant Thomas has requested additional time to file objections to the court's March 15, 2008, findings and recommendations. For the reasons explained, the court finds that defendants have not demonstrated good cause.

      This action proceeds on the October 13, 2005, first amended complaint. On March 5, 2006, the court granted defendants' motion for summary judgment with respect to all claims against all defendants, except for one. The remaining claim is that defendant Thomas was deliberately indifferent to plaintiff's serious medical needs by forcing plaintiff to sleep in an upper bunk even though he knew plaintiff medically was authorized to be assigned to a lower bunk. As a result, plaintiff fell from the upper bunk.

////

1

In support of his current request, defendant Thomas asserts that his objections must include additional evidence not presented to the magistrate judge. It is important to note that Thomas does *not* argue that the evidence he now intends to present is new or was for some reason unavailable to him when he filed his motion for summary judgment. Instead, he simply asserts that 28 U.S.C. § 636(b) permits a party to submit additional evidence to the district judge, and he can provide additional evidence if given the time to do so. Defendant Thomas asserts that he will obtain a declaration from a physician who treated plaintiff, but he does not proffer the substance of what this doctor would state therein. Neither does he allege that counsel has contacted that physician or explain why a declaration could not be obtained within the time for filing objections. Thomas also asserts that counsel has contacted him and Dr. Andreasen about providing a declaration, but "the attorney will not be able to prepare the declarations and obtain the declarants' signatures by the current due date for filing objections." Def.'s Req. at 3. Again, there is no explanation of why completed declarations cannot timely be submitted. More importantly, there is now showing of why this information was not obtained, submitted and properly briefed during the briefing schedule on this motion. The objections period is not the time for a party to submit an opening brief on a motion. Thus, defendant Thomas has failed to demonstrate good cause for obtaining an extension of time.

Accordingly, it is ORDERED that defendant Thomas' March 18, 2008, request for an extension of time to file and serve objections to the findings and recommendations is denied. Insofar as Thomas believes he has evidence sufficient to avoid trial, he may make an appropriate motion supported by such evidence

DATED: March 20, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2