IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN MUNIR,

    Plaintiff,                   No. CIV 05-1996 MCE EFB P

    vs.

THOMAS, et al.,

    Defendants.          ORDER

                                /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On March 13, 2009, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. Defendant has filed objections to the findings and recommendations.[1]

---

[1] With his objections, defendant has submitted new evidence in the form of the declaration of a prison official in order to cure a crucial defect their motion for summary judgment, i.e., the effect of an October 1999 "CMO to CMO agreement." While a district court judge may receive

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 13, 2009, are adopted in full;

2. Defendant Thomas's April 14, 2008, motion for summary judgment is denied;

3. Plaintiff has 30 days from the date this order is served to file a pretrial statement;

4. Defendant Thomas has 15 days from the date plaintiff serves his pretrial statement to file a pretrial statement.

So ordered.

Dated: March 30, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

additional evidence under 28 U.S.C. § 636(b)(1)(c) when determining whether to accept or reject a magistrate judge's findings and recommendations, the court declines to consider the new evidence because defendant has not explained why he did not submit this evidence in support of his second motion for summary judgment. United States v. Howell, 231 F.3d 615, 622-23 (9th Cir. 2000), cert. denied, 534 U.S. 831 (2001) (district court judge has discretion to reject evidence submitted after findings and recommendations have issued). Defendant's failure to offer an explanation is of particular concern in this case because in recommending denial of defendant's first motion for summary judgment, the magistrate judge emphasized the same deficiency defendant now attempts to cure.