1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MELVIN MUNIR,

11            Plaintiff,                    No. 2:05-cv-1996 MCE EFB P

12        vs.

13   THOMAS, et al.,

14            Defendants.            ORDER

15   _____/

16        Plaintiff appears to be a former state prisoner, who proceeds without counsel in an action

17   brought under 42 U.S.C. § 1983.  *See* Dckt. No 65, Notice of Change of Address (based on

18   plaintiff's expected parole date).  The parties have filed pretrial statements.  Dckt. Nos. 63, 69.

19   Before issuing a pretrial order, the court must address the recent decision of *Woods v. Carey*, ___

20   F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012), and

21   its impact on this case.

22        The U.S. Court of Appeals for the Ninth Circuit recently issued a decision addressing

23   how to ensure that a pro se prisoner plaintiff has "fair, timely and adequate notice" of what is

24   required of him to oppose a defendant's motions for summary judgment.  *See Woods v. Carey*,

25   ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012)

26   ////

1

1  ("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand*

2   . . . is to provide such notice *at the time that the relevant motions are filed.*" (emphasis added));

3  *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the

4  court has required that it be given and that it be set forth in a separate document that is served

5  with the moving papers).

6      Earlier in these proceedings, the court granted in part defendants' motion for summary

7  judgment. Dckt. No. 47. However, that motion was not served on plaintiff with an adequate

8  *Rand* notice. Dckt. No. 35. In light of the *Woods* decision, the court will give plaintiff the

9  opportunity to submit new briefing on the referenced motion for summary judgment. *See*

10  *Woods*, 2012 U.S. App. LEXIS at *21 ("The rule we adopt here shall apply in all pending and

11  future cases."). If plaintiff so requests, the court will direct defendants to re-serve the motion for

12  summary judgment, along with the appropriate *Rand* notice, and allow plaintiff the opportunity

13  to file a new opposition to the motion.

14      Additionally, the court hereby informs plaintiff as follows:

15      When a defendant moves for summary judgment, the defendant is requesting that the

16  court grant judgment in defendant's favor without a trial. If there is no real dispute about any

17  fact that would affect the result of your case, the defendant who asked for summary judgment is

18  entitled to judgment as a matter of law, which will end your case against that defendant. A

19  motion for summary judgment will set forth the facts that the defendant asserts are not

20  reasonably subject to dispute and that entitle the defendant to judgment.

21      To oppose a motion for summary judgment, you must show proof of your claims. To do

22  this, you may refer to specific statements made in your complaint if you signed your complaint

23  under penalty of perjury and if your complaint shows that you have personal knowledge of the

24  matters stated. You may also submit declarations setting forth the facts that you believe prove

25  your claims, as long as the person who signs the declaration has personal knowledge of the facts

26  stated. You may also submit all or part of deposition transcripts, answers to interrogatories,

1   admissions, and other authenticated documents.  For each of the facts listed in the defendant's

2   Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts

3   that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your

4   denial.  *See* L.R. 260(b).  If you fail to contradict the defendant's evidence with your own

5   evidence, the court may accept the defendant's evidence as the truth and grant the motion.  The

6   court will consider a request to postpone consideration of the defendant's motion if you submit a

7   declaration showing that for a specific reason you cannot present such facts in your opposition.

8   If you do not respond to the motion, the court may consider your failure to act as a waiver of

9   your opposition.  *See* L.R. 230(l).

10      If the court grants the defendant's motion, whether opposed or unopposed, judgment will

11  be entered for that defendant without a trial and the case will be closed as to that defendant.

12      Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within 21 days of the date

13  of this order, inform the court whether he (a) seeks to delay trial and to re-open the summary

14  judgment motion that was partially resolved in defendants' favor (which would allow plaintiff to

15  file a new opposition to that motion); or (b) chooses to proceed to trial and to waive any defect

16  regarding the required *Rand* notice.  Failure to comply with this order may result in a

17  recommendation that this action be dismissed for failure to prosecute.

18  DATED:  August 14, 2012.

19  _____

20  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26