IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN MUNIR,

        Plaintiff,                    No. 2:05-cv-1996 MCE EFB P

    vs.

THOMAS, et al.,

        Defendants.         ORDER

_____/

        Plaintiff appears to be a former state prisoner, who proceeds without counsel in an action brought under 42 U.S.C. § 1983. *See* Dckt. No 65, Notice of Change of Address (based on plaintiff's expected parole date). The parties have filed pretrial statements. Dckt. Nos. 63, 69. Before issuing a pretrial order, the court must address the recent decision of *Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012), and its impact on this case.

        The U.S. Court of Appeals for the Ninth Circuit recently issued a decision addressing how to ensure that a pro se prisoner plaintiff has "fair, timely and adequate notice" of what is required of him to oppose a defendant's motions for summary judgment. *See Woods v. Carey*, ___ F.3d ___, Nos. 09-15548, 09-16113, 2012 U.S. App. LEXIS 13779 (9th Cir. July 6, 2012)

////

("The *only* satisfactory practice to ensure that prisoners receive adequate notice pursuant to *Rand* . . . is to provide such notice *at the time that the relevant motions are filed*." (emphasis added)); *Rand v. Rowland*, 154 F.3d 952, 960 (1998) (en banc) (requiring that the notice state that the court has required that it be given and that it be set forth in a separate document that is served with the moving papers).

Earlier in these proceedings, the court granted in part defendants' motion for summary judgment. Dckt. No. 47. However, that motion was not served on plaintiff with an adequate *Rand* notice. Dckt. No. 35. In light of the *Woods* decision, the court will give plaintiff the opportunity to submit new briefing on the referenced motion for summary judgment. *See Woods*, 2012 U.S. App. LEXIS at *21 ("The rule we adopt here shall apply in all pending and future cases."). If plaintiff so requests, the court will direct defendants to re-serve the motion for summary judgment, along with the appropriate *Rand* notice, and allow plaintiff the opportunity to file a new opposition to the motion.

Additionally, the court hereby informs plaintiff as follows:

When a defendant moves for summary judgment, the defendant is requesting that the court grant judgment in defendant's favor without a trial. If there is no real dispute about any fact that would affect the result of your case, the defendant who asked for summary judgment is entitled to judgment as a matter of law, which will end your case against that defendant. A motion for summary judgment will set forth the facts that the defendant asserts are not reasonably subject to dispute and that entitle the defendant to judgment.

To oppose a motion for summary judgment, you must show proof of your claims. To do this, you may refer to specific statements made in your complaint if you signed your complaint under penalty of perjury and if your complaint shows that you have personal knowledge of the matters stated. You may also submit declarations setting forth the facts that you believe prove your claims, as long as the person who signs the declaration has personal knowledge of the facts stated. You may also submit all or part of deposition transcripts, answers to interrogatories,

admissions, and other authenticated documents.  For each of the facts listed in the defendant's Statement of Undisputed Facts, you must admit the facts that are undisputed, and deny the facts that are disputed.  If you deny a fact, you must cite to the proof that you rely on to support your denial.  *See* L.R. 260(b).  If you fail to contradict the defendant's evidence with your own evidence, the court may accept the defendant's evidence as the truth and grant the motion.  The court will consider a request to postpone consideration of the defendant's motion if you submit a declaration showing that for a specific reason you cannot present such facts in your opposition.  If you do not respond to the motion, the court may consider your failure to act as a waiver of your opposition.  *See* L.R. 230(l).

If the court grants the defendant's motion, whether opposed or unopposed, judgment will be entered for that defendant without a trial and the case will be closed as to that defendant.

Accordingly, IT IS HEREBY ORDERED that plaintiff shall, within 21 days of the date of this order, inform the court whether he (a) seeks to delay trial and to re-open the summary judgment motion that was partially resolved in defendants' favor (which would allow plaintiff to file a new opposition to that motion); or (b) chooses to proceed to trial and to waive any defect regarding the required *Rand* notice.  Failure to comply with this order may result in a recommendation that this action be dismissed for failure to prosecute.

DATED: August 14, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE